COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


TIMOTHY PURCELL CLARK

v.          Record No. 0306-95-1          MEMORANDUM OPINION[*] BY
                                         JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                    JANUARY 30, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                         John D. Gray, Judge

            James S. Ellenson for appellant.

            Thomas C. Daniel, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Timothy Clark was convicted by a jury of murder during the

commission of an attempted robbery, attempted robbery, and

related firearms offenses.  He appeals his convictions on three

grounds: (1) that the Commonwealth impermissibly charged and

tried him for capital murder when he was under the age of sixteen

at the time of the offense; (2) that his confession was

improperly admitted; and (3) that the trial court improperly

restricted the scope of his opening remarks regarding the

confession.  After reviewing the record, we find no error and

affirm the convictions.

     On June 30, 1994, eighteen days before Clark's sixteenth

birthday, Clark and some companions stopped two other youths on

the street.  Clark pointed a gun towards the boys and ordered

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

them to empty their pockets.  When one of the boys showed Clark he had no pockets, Clark hit him in the head with the gun.  The gun went off and the boy died twelve hours later from the resulting head wound.

The police arrested Clark on July 9 in the middle of the afternoon.  He was held in an interview room until his parents arrived and was then advised of his Miranda rights.  Clark signed a form indicating his understanding of his rights, and his parents signed as witnesses.  Clark then made out a written statement of the events.

At trial, Clark's counsel attempted to argue to the voluntariness of the confession in his opening remarks.  The judge ruled that counsel could not argue the validity of the confession in his opening statement, but that he could argue as to the weight in closing.

Clark first argues that he cannot be charged with a capital crime because he was under the age of sixteen at the time of the offense.  Execution of a defendant less than sixteen years of age violates the Eighth Amendment to the United States Constitution. Thompson v. Oklahoma, 487 U.S. 815 (1988).  No statutory or constitutional prohibitions exist on merely charging a minor with a capital crime when the death penalty is not being sought by the Commonwealth.  As expressly authorized by statute, Clark's offense was such that the General Assembly has determined that he could be treated as an adult in this case.  Code § 16.1-269.1(B);

<u>Novak v. Commonwealth</u>, 20 Va. App. 373, 383, 457 S.E.2d 402, 407 (1995). No error was committed in charging Clark with capital murder.

Clark also contends that the trial court erred in determining that his confession was voluntarily given. The evidence viewed as a whole, including the environment of the confession, the presence of his parents, and the signed waiver of rights, demonstrates that the statement was voluntary. Admission of the statement was not error.

Nor was it error to limit the defense's scope in opening remarks. A trial court does not abuse its discretion in ruling that counsel may not use opening statements for argument. <u>See</u> <u>Spencer v. Commonwealth</u>, 238 Va. 295, 311-12, 384 S.E.2d 785, 795-96 (1989), <u>cert. denied</u>, 493 U.S. 1093 (1990). Defense was given the opportunity, and used it, to argue to the weight of the confession in closing.

For the foregoing reasons, we find no error. The convictions are affirmed.

<u>Affirmed.</u>